## THE FALCON.

### In re HUGHES.

(Circuit Court of Appeals, Third Circuit. January 17, 1910.)

No. 79 (1,306.)

1. ADMIRALTY (§ 118*)—REVIEW ON APPEAL—PRESUMPTION IN FAVOR OF DECREE.

One to whom a decree in admiralty directs the payment of a fund is presumptively a party to the suit, or in court as a claimant of the fund, and evidence is required to rebut such presumption, where a denial of the fact is made a basis for impeaching the decree.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 767–769; Dec. Dig. § 118.*]

2. ADMIRALTY (§ 115*)—REVIEW ON APPEAL—QUESTIONS PRESENTED BY RECORD.

A decree in admiralty, adjudging a portion of the fund realized from the sale of a vessel libeled by a lienholder to the receiver in bankruptcy of the owner, on recitals that the vessel was in the custody of the bankruptcy court when seized, and that the receiver expended the sum allowed him for its benefit because of such custody, cannot be reviewed, where the record does not contain the evidence on which such recitals were based.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 743–745; Dec. Dig. § 115.*]

Appeal from the District Court of the United States for the District of New Jersey.

Suit in admiralty by one McWilliams against the barge Falcon. From the decree, libelant appeals. Affirmed.

For opinion below, see In re Hughes, 170 Fed. 809.

Percival G. Barnard, for appellant.

George S. Silzer, for appellee.

Before BUFFINGTON, Circuit Judge, and McPHERSON, District Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. B. McPHERSON, District Judge. This is an appeal from a decree in admiralty that deals with a complicated situation into the details of which we do not find it necessary to go. The appellant is a creditor holding a maritime lien against the barge Falcon, and his complaint is that the court has ordered a part of the fund arising from the sale of the vessel to be paid to the receiver (now the trustee) in bankruptcy of the owner, and has thus diminished his own share of the fund. The order objected to is based upon recitals in the decree which declare. in effect, that when the barge was seized under the appellant's libel it was already in the custody of the bankruptcy court, that certain expenses directly due to such custody were afterwards incurred by the receiver, and that the barge's share of these expenses amounts to the sum involved in this appeal.

As we think, the errors assigned may be disposed of in a few words. The third assignment complains because the decree directs a portion of the fund to be paid to "a receiver in bankruptcy who is not a party before the admiralty court, and an entire stranger to the proceedings in admiralty, and has never asked the admiralty court to protect his interests in any way." This assignment has nothing to support it. Prima facie, at least, a judicial decree does not order· a fund to be paid to one who is neither party nor claimant, and in the present case no evidence was offered to rebut this presumption. The second assignment objects to "the opinion of the court upon which the final decree herein is drawn," in so far as that opinion holds "that any item of disbursement of the receiver in bankruptcy was for the benefit of the maritime fund realized from the sale of the Falcon in admiralty." The reply to this is two-fold: First, the opinion referred to was delivered in the bankruptcy proceeding, and in strictness cannot be regarded upon the present appeal. But, second, if the opinion be considered—and we have considered it—it appears to be simply a more extended statement of the fact that appears in conciser form in the decree from which the appeal is taken. The decree itself declares that the receiver's disbursements were for the benefit of the barge; and, as no evidence has been furnished us by which the correctness of this statement can be tested, we are bound to accept it as true. What it is based upon we do not know, but we must presume the foundation to be adequate. The first assignment adds nothing to the other two; it simply asserts in different language that the appellant should not have been charged with any part of the receiver's expenses.

The District Judge was evidently influenced throughout the whole proceeding—whether in bankruptcy or in admiralty—by an earnest desire to avoid expense and delay, and we have no doubt that his judicious handling of a difficult situation · resulted advantageously to the creditors. It was probably impossible to avoid apparent conflict between the bankruptcy side and the admiralty side of the court, and it is easy to see that technical perplexities were almost inevitable. Fortunately, this appeal seems to present the only obstacle to a final adjustment of the numerous claims; and, as we have briefly indicated, this obstacle does not seem to be insurmountable.

The decree is affirmed, at the costs of the appellant.